UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| KENNETH KILLIAN, an individual, | Case No. 3:16-cv-403J-39PDB |
| PLAINTIFF, | COMPLAINT FOR DAMAGES |
| v. | 15 U.S.C. § 1692, et seq. |
| | 47 U.S.C. § 227, et seq. |
| UNITED CREDIT MANAGEMENT LLC, a New York corporation, | Fla. Stat. § 559.55, et seq. |
| DEFENDANT. | JURY TRIAL REQUESTED |

FILED 2016 APR -4 PM 3:18 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DISTRICT

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff, KENNETH KILLIAN, through his attorney, brings this action to challenge the actions of Defendant UNITED CREDIT MANAGEMENT LLC for unlawful conduct in connection with debt collection activity.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

6. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff. "In the event of any

inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

7. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

8. This action partially arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9. Because Defendant conducts business in the State of Florida by repeatedly calling Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

10. Because all tortious conduct occurred while Plaintiff resided in the City of Hastings, County of Saint Johns, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

11. Plaintiff is a natural person.

12. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

14. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. In approximately May, 2015, Defendant called Plaintiff's cell phone in an attempt to collect upon an alleged debt.

18. During that phone call, Defendant's employee informed Plaintiff about the debt Defendant was attempting to collect.

19. As a result of the above, Plaintiff, also a debt collector by trade, identified that the alleged debt was beyond the statute of limitations for suit and, as such, asked Defendant not to call Plaintiff again. Defendant agreed not to call Plaintiff again.

20. Plaintiff then asked Defendant for an address to which Plaintiff could send Defendant written notice of his intent to demand strict validation of the debt, as is allowed under the FDCPA. Defendant provided Plaintiff with the address "P.O. Box 101, Buffalo, NY, 14209."

21. Then, Plaintiff and Defendant ended the phone call.

22. As of March 30, 2016, a "Google" search indicates that this address still belongs to Defendant.

23. The FDCPA, 15 U.S.C. § 1692g(a) requires all of the following disclosures be made to a consumer in the initial communication with the consumer in connection with the collection of any debt or, if not then, in a follow-up written notice sent within five days of the initial communication: the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. During the phone call described in the paragraphs 17-21, above, Defendant failed to provide Plaintiff with the full set of disclosures required by the FDCPA and described in paragraph 23, above.

25. Defendant failed to provide Plaintiff with the full set of disclosures required by the FDCPA and described in paragraph 23, above, in a written letter within five days of the initial communication.

26. As of March 30, 2016, Defendant has failed to provide Plaintiff with the full set of disclosures required by the FDCPA and described in paragraph 23, above, in any capacity, in any format, and at any time.

27. Within one day of the phone call described in paragraphs 17-21, above, Plaintiff sent a letter to the address described in paragraph 20, above. In this letter was a demand for validation of debt and a

demand to cease communication by telephone, indicating that Plaintiff only wished to be contacted through written letters sent in the mail.

28. Between the day Plaintiff sent Defendant the letter described in paragraph 27, above (which was in approximately May, 2015), and September 29, 2015, Plaintiff had not received any communication from Defendant for any reason whatsoever, including by phone or by mail.

29. On September 30, 2015, Defendant called Plaintiff's cell phone utilizing an autodialing system and left a voicemail utilizing an artificial or prerecorded voice asking Plaintiff to call back Defendant at the phone number 800-829-3688 and to utilize the reference number 83898.

30. Approximately thirty minutes after receiving the voicemail, Plaintiff called back the number given in the voicemail, found it did indeed belong to Defendant, and spoke to one of Defendant's employees.

31. During that call, Defendant asked Plaintiff if he was Kenneth Killian. Plaintiff confirmed that he was.

32. Plaintiff asked Defendant for information regarding the alleged debt, including the name of the original creditor. Defendant was unable or unwilling to provide Plaintiff with any identifying information whatsoever.

33. Plaintiff then asked Defendant if the September 30, 2015 call, described in paragraph 29, above, was made in reference to the alleged debt about which Plaintiff sent Defendant the written letter in approximately May, 2015, and which included the demand for validation. Defendant confirmed to Plaintiff that the September 30, 2015 call was made in reference to that alleged debt.

34. Defendant indicated to Plaintiff that Defendant had mailed to Plaintiff a written letter containing an alleged validation of the alleged debt. Plaintiff informed Defendant that Plaintiff had never received such a letter.

35. Plaintiff then asked Defendant for its address yet again, so that Plaintiff could send Defendant a second letter containing a demand for validation and a demand to cease communication. In response, Defendant told Plaintiff that "Defendant would mail Plaintiff another copy of the validation letter, and Defendant's address would be on that letter." Plaintiff asked Defendant if that meant Defendant was refusing to provide Plaintiff with their address.

36. Defendant then hung up on Plaintiff.

### FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

37. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-36, as if fully set forth herein.

38. By contacting Plaintiff for debt collection purposes over the telephone on September 30, 2015, despite Plaintiff's having previously revoked consent, in writing, to be contacted over the telephone, Defendant has engaged in unfair and unconscionable means in an attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692f.

39. By contacting Plaintiff for debt collection purposes over the telephone on September 30, 2015, despite Plaintiff's having previously revoked consent, in writing, to be contacted over the telephone, Defendant has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. § 1692d.

40. By contacting Plaintiff for debt collection purposes over the telephone on September 30, 2015, despite Plaintiff's having previously revoked consent, in writing, to be contacted over the telephone, Defendant has engaged in illegal communication in a manner known to be inconvenient to Plaintiff, in violation of the FDCPA, 15 U.S.C. § 1692c(a)(1).

41. By contacting Plaintiff for debt collection purposes over the telephone on September 30, 2015, despite Plaintiff's having previously revoked consent, in writing, to be contacted over the telephone, Defendant has engaged in illegal communication in an unconsented-to manner, in violation of the FDCPA, 15 U.S.C. § 1692c(c).

42. By contacting Plaintiff for debt collection purposes over the telephone on September 30, 2015, despite Plaintiff's having previously sent Defendant a written demand for validation of the debt, and Defendant having never sent Plaintiff such validation, Defendant has engaged in illegal debt collection activity, in violation of the FDCPA, 15 U.S.C. § 1692g(b).

43. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

44. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

45. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

46. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692f, and Plaintiff is so entitled. Alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692d, and Plaintiff is so entitled. Alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, § 1692c(a)(1), and Plaintiff is so entitled. Alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, § 1692c(c), and Plaintiff is so entitled. Alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, § 1692g(b), and Plaintiff is so entitled. Alternatively, 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, § 1692g(a), and Plaintiff is so entitled.

47. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

### Violation of the TCPA, 47 U.S.C. § 227, et seq.

48. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-36, as if fully set forth herein.

49. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to call Plaintiff's cellular telephone at least one (1) time.

50. Additionally or alternatively, Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice when calling Plaintiff's cellular telephone at least one (1) time.

51. Upon information and belief, these violations of the TCPA were knowing or willful because Defendant has been the subject of multiple lawsuits over telephone calls made by Defendant to other debtors in violation of the TCPA.

52. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

53. The TCPA provides for treble damages, an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, *Id.*

54. Plaintiff is entitled to $500.00 in statutory damages per violating call, *Id.*

55. Plaintiff is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, *Id.*

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call, for a total of $1,500.00 per each violating call;

(c) And any other relief as the court may deem proper and may provide.

Plaintiff requests a jury for all claims so triable.

## THIRD CLAIM FOR RELIEF

### Violation of the FCCPA, Fla. Stat. § 559.55, et seq.

56. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-36, as if fully set forth herein.

57. By contacting Plaintiff for debt collection purposes over the telephone on September 30, 2015, despite Plaintiff's having previously revoked consent, in writing, to be contacted over the telephone, Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the FCCPA, Fla. Stat. § 559.72(7).

58. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, *Id.*

59. The FCCPA provides for reasonable attorney's fees and costs in any successful action. *Id.*

60. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. *Id.*

61. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72(7), and Plaintiff is so entitled.

62. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.


Respectfully submitted this 30th day of March, 2016,

    By Plaintiff's attorney: /s/ Nicholas Michael Murado
                              Nicholas Michael Murado
                              Florida Bar # 102769
                              Murado Law, P.A.
                              2010 S.W. 99th Avenue
                              Miramar, Florida, 33025
                              Telephone: 754-816-2196
                              E-mail: muradolaw@gmail.com