United States District Court
Middle District of Florida
Jacksonville Division

**KENNETH KILLIAN,**

 *Plaintiff,*

v.                 NO. 3:16-CV-403-J-39PDB

**UNITED CREDIT MANAGEMENT, LLC,**

 *Defendant.*

---

# Order

In this case alleging unfair debt-collection practices, Kenneth Killian moves for default judgment against United Credit Management, LLC ("UCM"). Doc. 9. The complaint asserts three claims: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692−1692p; (2) violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); and (3) a violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55−559.785. Doc. 1.

Before a court may grant a motion for default judgment, it must ensure that the well-pleaded factual allegations state a claim upon which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Under *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), to state a claim upon which relief may be granted, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Iqbal,* 556 U.S. at 678. The plausibility standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

With no supporting argument, Killian contends the well-pleaded complaint allegations establish violations of the FDCPA, FCCPA, and TCPA. *See* Doc. 9 at 3–4.

The Court is prepared to recommend denial of the motion for default judgment for at least four reasons. First, by only reciting the definition of "debt" under the FDCPA and FCCPA without alleging facts about the debt, Killian does not sufficiently allege the debt meets the definition.[1] Second, by alleging only a single phone call months after a written demand to cease telephone communications, the complaint does not sufficiently allege that UCM engaged in "conduct which can reasonably be expected to abuse or harass the debtor" or his family in violation of the FCCPA, Fla. Stat. § 559.72(7) (the only basis for the FCCPA claim).[2] Third, by only reciting TCPA language without alleging facts about UCM's conduct, the complaint does not sufficiently allege UCM violated the TCPA.[3] Fourth, by alleging only that

---

[1] For cases holding that conclusory allegations of the nature of the alleged debt are insufficient to satisfy the *Iqbal-Twombly* plausibility standard, see *Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014); *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 598 (E.D. Pa. 2014); *Hutchins v. First Fed. Credit Control, Inc.*, No. 2:14-cv-510, 2015 WL 11123314, at *3 (S.D. Ohio Aug. 20, 2015) (unpublished); *Vaquero v. Frederick J. Hanna & Assocs., P.C.*, No. 2:13-cv-00641 (DMC)(JBC), 2013 WL 5947011, at *2 (D.N.J. Nov. 6, 2013) (unpublished); *Alston v. Cavalry Portfolio Servs., LLC*, No. 8:12-cv-03589-AW, 2013 WL 665036, at *3 (D. Md. Feb. 22, 2013) (unpublished); *Fenn v. CIR, Law Offices*, No. 1:10-cv-01903-SMS, 2011 WL 2621002, at *3 (E.D. Cal. June 29, 2011) (unpublished); and *Sullivan v. CTI Collection Servs.*, No. 8:09-cv-365-T-30TGW, 2009 WL 1587588, at *2 (M.D. Fla. June 5, 2009) (unpublished).

[2] Although a debt collector's continued calls following a demand to cease calling may constitute actionable harassment, *see, e.g.*, *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1251 (S.D. Fla. 2014); *Dunning v. Portfolio Recovery Assocs., LLC*, 903 F. Supp. 2d 1362, 1368 (S.D. Fla. 2012); *Smith v. MarkOne Fin., LLC*, No. 3:13-cv-933-J-32MCR, 2015 WL 419005, at *6 (M.D. Fla. Feb. 2, 2015) (unpublished); *Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st DCA 1977), Killian cites no case, and the Court has found none, holding a single call without abusive language or egregious threats months after a written demand to cease telephone communications can constitute abuse or harassment under either the FDCPA or the FCCPA, presumably because a single such call does not fit the plain meaning of "abuse" or "harass" used in the statutes.

[3] For cases holding that conclusory allegations of a defendant's violations of the TCPA are insufficient to satisfy the *Iqbal-Twombly* plausibility standard, see *Kramer*

UCM has been sued more than once based on phone calls to other debtors purportedly in violation of the TCPA, the complaint does not sufficiently allege UCM's purported TCPA violations here were willful or knowing.[4]

Before dismissing a claim on its own motion upon finding a plaintiff has failed to state a plausible claim for relief entitling him to default judgment, a court "must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248–49 (11th Cir. 2015).

Killian may replead.[5] He must file any amended complaint with specific factual allegations to satisfy the *Iqbal-Twombly* standard by **February 17, 2017**. If he fails to do so, the undersigned will recommend denial of the motion for default judgment and dismissal of the case.

**Ordered** in Jacksonville, Florida, on January 23, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010); *Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014) (unpublished); *Johansen v. Vivint, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *2–3 (N.D. Ill. Dec. 18, 2012) (unpublished); and *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009) (unpublished).

[4] For the standard for establishing a willful or knowing violation of the TCPA, see *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015).

[5] Killian alleges UCM violated §§ 1692c(a), 1692c(c), 1692d, 1692f, 1692g(a), and 1692g(b) of the FDCPA. Doc. 1 ¶¶ 38–43. It is questionable whether the complaint plausibly alleges violations of §§ 1692c(a), 1692c(c), 1692d, 1692f, and 1692g(b). Setting aside the deficient allegations concerning the nature of the debt, the complaint otherwise sufficiently alleges a violation of § 1692g(a).

c:     Counsel of Record

      United Credit Management, LLC
      P.O. Box 101
      Buffalo, New York 14209